IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02770-PAB-BNB

KANGA CARE LLC,

    Plaintiff,

v.

GOGREEN ENTERPRISES LLC,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Motion for Default Judgment filed by plaintiff Kanga Care LLC ("Kanga Care") [Docket No. 20]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Due to the Clerk of Court's entry of default, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Kanga Care, a Colorado limited liability company, designs and manufactures cloth diapers and diaper accessories. Docket No. 1 at 2, ¶ 9. Kanga Care is the owner of U.S. Patent No. 8,425,483 (the "'483 Patent") titled "Double Gusset Cloth Diaper Along With Method For Making The Same." *Id.* at 3, ¶ 10; Docket No. 1-1 at 2. Defendant GoGreen Enterprises LLC ("GoGreen"), also a Colorado limited liability company, is a direct competitor of Kanga Care. Docket No. 1 at 3, ¶ 14. GoGreen formerly marketed and sold a product called "Champ Cloth Diapers," which it

marketed as using "Dual Gussets Technology." Docket No. 1 at 3, ¶ 13. Kanga Care asserts that the Champ Cloth Diapers infringe the '483 Patent. *Id.*

On February 25, 2014, GoGreen, through its representative Joseph Leverich, filed a document titled "Response to Civil Action" stating that it did not at that time offer products for retail or wholesale sale. Docket No. 14 at 1. GoGreen explained that the company was unable to employ an attorney due to financial constraints and requested that the Court accept its response "as intention to resist entry of a default judgment and claim all rights to a jury trial under the Federal Rules of Civil Procedure." *Id.*

Kanga Care filed a motion for entry of default on May 2, 2014. Docket No. 18. The Clerk of Court found that GoGreen's response violated D.C.COLO.LCivR 11.1(a), which states that "[o]nly unrepresented individual parties and members of this court's bar may appear or sign a pleading, motion, or other document," and D.C.COLO.LAttyR 5(b), which states that corporations may not appear without counsel admitted to the bar of this court. Docket No. 19. Accordingly, the Clerk of Court entered default on May 2, 2014. *Id.* Kanga Care filed the instant motion on May 13, 2014, and GoGreen has not filed a response.

## II. ANALYSIS

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).

*See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "'committed to the district court's sound discretion.'" *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard"). One such consequence is that, upon the entry of default against defendant, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott*, 327 F.3d at 1125; *see also* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d. ed.

2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### A. Infringement of the '483 Patent

Plaintiff claims that defendant infringes the '483 patent directly and indirectly. Docket No. 1 at 4, ¶¶ 18, 20.

#### *1. Direct Infringement*

The sufficiency of a complaint alleging direct patent infringement is determined by Fed. R. Civ. P. 84 and Form 18. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Rule 84 provides that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." To state a claim for direct patent infringement, Form 18 requires:

"(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Bill of Lading*, 681 F.3d at 1334 (quotation and alteration marks omitted).

The Court finds that plaintiff's allegations constitute a legitimate cause of action for direct infringement. The complaint identifies a basis for subject matter and personal jurisdiction, Docket No. 1 at 2, ¶¶ 4-5, alleges that plaintiff owns the patent, *id.* at 3, ¶ 12, alleges that plaintiff put defendant on notice of its infringement prior to bringing suit, *id.* ¶ 15, and demands injunctive relief and monetary damages. *Id.* at 4-5. The complaint therefore satisfies all of the requirements of Form 18, and plaintiff has properly stated a claim for infringement.

### 2. Indirect Infringement

Plaintiff alleges that defendant has indirectly infringed the '483 patent by inducing users of defendant's products to infringe. Docket No. 1 at 4, ¶ 20. 35 U.S.C. § 271(b) states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement." *Bill of Lading*, 681 F.3d at 1337.

The Supreme Court has noted that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). To survive a motion to

dismiss, the complaint "must contain facts plausibly showing that [defendant] specifically intended [its] customers to infringe the [patent at issue] and knew that the customer's acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339. "Specific intent requires a 'showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.'" *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)). This standard, though, does not require plaintiff to "prove its case at the pleading stage." *Bill of Lading*, 681 F.3d at 1339. As the Federal Circuit has made clear, district courts must "draw all reasonable inferences in favor of the [plaintiff]," and the relevant inquiry is whether "there are sufficient facts alleged to render the [plaintiff's] asserted inferences plausible." *Id.* at 1340.

Here, plaintiff has alleged sufficient facts to satisfy the plausibility standard with respect to its claim for indirect infringement. The complaint alleges that defendant has known of the '483 Patent since at least July 1, 2013, when plaintiff wrote to defendant comparing the Champ Cloth Diapers to the claims of the '483 Patent and defendant persisted in its infringing conduct. Docket No. 1 at 3, ¶¶ 15-16. This allegation supports an inference that any of GoGreen's infringing sales of the Champ Cloth Diapers that occurred after July 1, 2013 were done with the specific intent to induce its customers to infringe the '483 Patent.

### B.  Permanent Injunction

Plaintiff seeks entry of a permanent injunction enjoining defendant from the manufacture, use, sale, offers for sale, or importation of any products that infringe the '483 Patent.  Docket No. 20 at 9; Docket No. 1 at 4-5.

Under the Patent Act, the Court has the authority to grant injunctive relief to prevent further violations of a plaintiff's patent rights.  35 U.S.C. § 271(e)(4)(B).  "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Here, all of the elements for injunctive relief are satisfied.

#### 1. *Irreparable Injury*

Given the "fundamental nature of patents as property rights granting the owner the right to exclude," *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011), courts often find that infringement by a direct competitor constitutes an irreparable injury, since it impairs the monopoly to which the patentee is entitled.  *See Smith & Nephew, Inc. v. Interlace Med., Inc.*, 955 F. Supp. 2d 69, 77 (D. Mass. 2013) ("[p]laintiff is particularly likely to suffer irreparable injury from [defendant's] infringement because [defendant's] product competes directly with [plaintiff's]"); *see also Fresenius*

*Med. Care Holdings Inc. v. Baxter Int'l, Inc.*, 2008 WL 928496 at *3 (N.D. Cal. Apr. 4, 2008) *rev'd on other grounds by Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288 (Fed. Cir. 2009) ("Courts routinely find irreparable harm, and therefore grant permanent injunctions where, as here, the infringer and the patentee are direct competitors"); *In re BRCA1-, BRCA2-Based Hereditary Cancer Test Patent Litig.*, 3 F. Supp. 3d 1213, 1249 (D. Utah 2014) ("loss of market share can constitute irreparable harm even if it only moderately affects a patentee company's profitability or a small part of a company's business"). Here, GoGreen made, sold, and offered for sale its infringing product in direct competition with Kanga Care. GoGreen's infringing sales support a finding that Kanga Care has suffered irreparable harm as a result of GoGreen's infringing activities.

### 2. Insufficient Remedies Available at Law

"Where the defendant produces a product violating a patent, the infringement upon the exclusive right to practice the teachings of [the] patent cannot be adequately compensated by monetary damages." *Otter Products, LLC v. FreeCo, Inc.*, No. 10-cv-02028-LTB, 2011 WL 1542150 at *3 (D. Colo. April 25, 2011) (citing *Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985)). GoGreen directly competed with Kanga Care by selling a competing cloth diaper. Any sales of this competing diaper caused damage to plaintiff's interests that cannot be adequately remedied by a monetary award. "The patent statute provides injunctive relief to preserve the legal interests of the parties against future infringement which may have market effects never fully compensable in money." *Reebok Int'l, Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994); *see also Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F.

Supp. 2d 537, 546 (D. Del. 2005) (holding that monetary damages are inappropriate to make a patentee whole because "the principal value of a patent is its statutory right to exclude"). Moreover, GoGreen's representation that it has "limited assets and lack of cash flow," Docket No. 14 at 1, suggests that, even if monetary damages could compensate Kanga Care for any infringement, it may not be available in this case. Thus, equitable relief in the form of an injunction against future infringement appears to be the only remedy available to Kanga Care.

### 3. Balance of Hardships

The balance of hardships in this case favors an injunction. Kanga Care went to the expense of retaining counsel to enforce its intellectual property rights, and GoGreen has not participated in the litigation, citing financial hardship. While GoGreen appears to have stopped selling its Champ Cloth Diapers since Kanga Care initiated this litigation, it is not clear that GoGreen would not begin its infringing activities anew if the Court were to close this case without issuing an injunction against future infringement. Moreover, "the fact that an infringing defendant has apparently, at least temporarily, ceased its infringement is not a basis for the court to deny a permanent injunction against future infringement unless the evidence is very persuasive that the infringing defendant will not resume its infringement." *W.L. Gore & Assocs. v. Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1998) (abrogated on other grounds by *eBay*, 547 U.S. 388).

### *4. Public Interest*

The public's interest would be best served in this case by a permanent injunction enjoining future infringement. Numerous courts have recognized a "strong public policy favoring the enforcement of patent rights." *Yowie North Am., Inc. v. Candy Treasure, LLC*, 2014 WL 1871910 at *13 (D.N.J. May 8, 2014); *see also PPG Indus., Inc. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996); *Rubbermaid Commercial Products, LLC v. Trust Commercial Products*, 2014 WL 4987878 at *5 (D. Nev. Aug. 22, 2014). Moreover, as GoGreen already ceased offering its competing product during the pendency of this litigation, the Court "perceive[s] no countervailing harm to the public in granting the requested injunctive relief." *Fisher-Price, Inc. v. Safety 1st, Inc.*, 279 F. Supp. 2d 526, 528 (D. Del. 2003) (abrogated on other grounds by *eBay*, 547 U.S. 388).

Finally, the Court notes that the injunctive relief requested complies with Fed. R. Civ. P. 65(d) and is properly limited to a prohibition against the manufacture, use, sale, offers for sale, or importation of the specific infringing device. *See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479-80 (Fed. Cir. 1993).

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Kanga Care LLC's Motion for Default Judgment [Docket No. 20] is **GRANTED**. It is further

**ORDERED** that default judgment shall enter against defendant GoGreen Enterprises, LLC. It is further

**ORDERED** that defendant GoGreen Enterprises LLC and its officers, agents, servants, and employees are enjoined from the manufacture, use, sale, offers for sale, or importation of its Champ Cloth Diapers using "Dual Gussets Technology" or any product that is no more than colorably different therefrom.  Pursuant to this injunction, defendant GoGreen Enterprises LLC and each of its officers, agents, servants, employees, and attorneys are prohibited from: (1) individually making, using, selling, importing into the United States or offering to sell its Champ Cloth Diapers using "Dual Gussets Technology"; (2) jointly making, using, selling, importing into the United States or offering to sell its Champ Cloth Diapers using "Dual Gussets Technology;" and (3) acting in concert with any third party, other than a licensee of plaintiff, to make, use, sell, import into the United States, or offer to sell its Champ Cloth Diapers using "Dual Gussets Technology."  It is further

**ORDERED** that, within 14 days of the entry of judgment, plaintiff Kanga Care LLC may have its costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of this order.  It is further

**ORDERED** that this case is closed.

DATED November 12, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

11